The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Please be seated. We're happy to hear argument in our first case, Richardson v. Thomas. Mr. Babb. Good morning. Good morning. In January 2011, the District Court denied petitioner's intellectual disability claim in habeas review. In 2012, in February, this Court conducted a de novo review of the District Court decision affirming the denial of the intellectual disability claim and held that the State MAR Court's denial of that claim was neither based on unreasonable termination of facts nor an unreasonable termination of Supreme Court law. In April 2016, petitioner filed a Rule 60B-6 motion seeking relief from the January 2011 Federal District Court order. The motion did not identify any defect in the integrity of the earlier Federal habeas proceedings. Nevertheless, the District Court granted the motion. The District Court order should be reversed. It was an abuse of discretion by the District Court not to treat this motion as a successive habeas petition. It was an abuse of discretion by failing to find it untimely and it was an error of law for the District Court to state it would hold an evidentiary hearing on the underlying intellectual disability claim after granting the 60B-6 motion. In addition, the District Court incorrectly held that Hall v. Florida was retroactive. In United States v. Weinstock, this Court addressed the question of how to distinguish a proper 60B-6 motion from a successive habeas application in 60B's clothing. Before you get into the substance, though, could you address for us the timeliness issue? The timeliness of the appeal? Yes. And by that, Judge Keenan, the motion to dismiss the respondent's appeal. Correct. Yes, ma'am. I will be happy to address that. It is somewhat unclear how 1292-2254, Federal Rule of Appellate Procedure 5 and 22, and Habeas Rule 12 all work together, especially in a habeas case where the Rule 60 motion on its face is a clearly successive petition and where in addition to the District Court, this Court also ruled on the underlying issue on the merits. Notwithstanding the case submitted by Richardson of the District Court, excuse me, the D.C. Circuit Court, rejecting an argument of functional equivalence of compliance, the respondent does find that 1292-B applies in this procedural posture, that due to the sequence of events, that it respectfully we ask that you find it be in substantial compliance. The order was entered on 3- Can I just ask you, I think this is a very odd argument for the government to be making, because the government is usually asserting to us that the petitioner is untimely and did not go properly. And then you want us to make an exception for you here, and we are usually receptive to that. And I wonder if you've looked down the road and seen what a ruling here adopting the rationale that you're talking about, how that would go. Well, sometimes, Your Honor, you're correct. Down the road, it turns out not the way you expect. Well, it would be the way you expect. Yes, ma'am. What I mean is you say down the road it would result in adverse rulings for the state of North Carolina on arguments about timeliness. And that may, I'm not perfect on that. There is always a party to these cases, to the habeas case. We have individual defendants, criminal defendants that are parties. They're not going to come again. They're not going to get the benefit of this rule one way or the other. But you will. And it's a rule that is very, I would think, would be contrary to your interests. Well, letting a criminal defendant make a, always be able to file a successive habeas petition even if it's a 60B motion or something else because we want flexibility in the rule. Respectfully, Your Honor, I don't think that's close to what I'm arguing. For one thing, in habeas, the state or the federal government is not required to seek a COA. And, but I take your point that if you follow a substantial compliance with a rule 60B, excuse me, with an appeal, that others would argue that as well. How is there substantial compliance even in this case? Your Honor, I would argue that, if I may, the sequence of events, the order was entered on 328. Right, but I'm talking about the contents of the document that you filed. How is there substantial compliance? Yes, ma'am. The notice of interlocutory appeal was filed on 4417. In that notice of appeal, it was not filed with this court and that's correct. In that notice of appeal, it did state what the procedural posture was and it was being appealed and also stated the district court certification of the appeal. The Fourth Circuit, the appeal was transferred to the Fourth Circuit on 4-5 and docking notice was issued and it was identified in the system as a notice of interlocutory appeal. So if the purpose of the rule was for the circuit court to exercise its discretion to take the appeal, respectfully, it was stated that it was an interlocutory appeal at the time it was filed. You know, but to bring this appeal, we got rules and those rules are there for a reason and they're there to accomplish various purposes and, you know, and then to come up and say, well, we know we didn't go by the rule, but it's close enough. That really opens up a wide door that I think Judge Mots has already expressed her hesitancy about wanting to go through and it's a tough situation, but I don't know why we should excuse compliance in this case. Maybe you can tell me. Your Honor, I think the issue that Judge Mots and you and Judge Keenan are discussing is absolutely fair. The person who did the notice of appeal was me. And so unlike many cases where I'm explaining someone else, I can explain that I did not think of filing an application. But it went off the rails earlier than that. I mean, doesn't the district court have responsibilities, designated responsibilities when an appeal, this interlocutory appeal is going to occur or when he intends to permit the appeal? The district court stated in its order that it was going to stay the order for the government to appeal. Do you regard that as a certification? I don't know if it's not. He stated in his order that it was to be appealed. Well, you can't make something that's not appealable, appealable. I'm sorry, ma'am. I think the answer to that is yes, but could you say that one more time, Judge Mots? How does this qualify as an interlocutory appeal? Even if you get beyond the formal requirements? I'm sorry, Judge Keenan. I don't understand. It's not a final order on the underlying issue, so it would be an interlocutory appeal. With regard to our case law, how does this qualify? An appealable interlocutory order. How is this an appealable, we all know it's an interlocutory order. Well, I think the district court stayed the order for the government to appeal. The action was stayed. The respondent attempted to appeal, filed a notice of appeal. The issue is overturning a habeas order where there was no jurisdiction in the district court for the order to be entered. And it shouldn't even have been denied, but as in Weinstock, it should have been dismissed. And the state interest in finality makes this an important issue. Do you think that qualifies as a collateral order? Well, I don't know. And how would that be so? You mean under the collateral order doctrine? Correct. Well, the third factor is finality. The first two parts of that, I think, are met in the sense that it is a final order on the 60B motion itself. But the interest the state has in finality, it's not overturning the state conviction, but it is overturning a judgment. I don't know how, to be honest, I don't know exactly how it fits in in this procedural posture where this court has entered an order on this issue, as in the unpublished opinion of Roe cited by Richardson, where this court held that while the case was involved as well in res judicata. But under the collateral order doctrine, that was an alternative argument we made, and along with substantial compliance under 1292. Are there any other questions on that issue? Well, I will briefly return to the other issues. The Supreme Court in Gonzales, two years after this court's opinion in Weinstock, stated a rule very similar to the analysis this court used in Weinstock, that a proper rule 60B motion attacks not the substance of the underlying, of the merits determination by the federal court, but identifies some defect in the integrity of the federal habeas proceedings. The 60B motion in this case did not identify a defect in the integrity of the previous federal habeas proceedings, as even the district court in its order granting the 60B6 motion stated. While not argued by petitioner in this motion, the district court held its failure to hold an evidentiary hearing in the earlier habeas case was a defect in the integrity of the habeas proceedings. But that's unsupported by the record, and ignores that in 2005, the Superior Court held a full evidentiary hearing in state post-conviction review of the intellectual disability issue, a full transcript of that hearing is in the joint appendix. There was no restriction on the defendant's ability to present evidence at that hearing. Therefore, 28-2254E2 was a bar to the federal evidentiary hearing, any federal evidentiary hearing. So the district court found as a defect the failure to order a hearing in a case where he was barred from holding a hearing by 2254. Did you make this argument to the district court? Yes, argued that Cullen v. Penholster would bar an evidentiary hearing. You told the district court that there had been a hearing and that he was barred from having a hearing? I don't know if I made the argument to the district court, because the motion was a 60B motion, and then in its order, the district court ordered an evidentiary hearing. Well, I thought that the whole gist of what they were saying, though, was the relief he gave, true, was perhaps different than what they asked for, but their reasons for getting that relief remained the same. And so in response to them, did you say, look, he's already gotten a hearing on these very issues in state court? If you don't know, that's fine. I believe we did discuss the procedural history where there was a full hearing in state court, yes, ma'am. But in terms of, it wasn't until the district court ordered an evidentiary hearing in violation of 2254, that may be when I argued Cullen in 2254. But you remember things you had represented to the district court that there had been an evidentiary hearing in state court, or are you just not sure? I'm not going to say that. I believe so, but I'm not going to say that to the court. Fair enough. Unless I had that completely and would review it. What about Buck v. Davis, the Supreme Court's decision in February of last year, where they recognized 60B as an option? How do you distinguish your case from Buck? Yes. In Buck v. Davis, there are some procedural differences and there are some factual differences to this case. In Buck v. Davis, it appears that there was never a merits determination on the claims based on that doctor who testified that race was a factor in future dangerousness. It was procedurally defaulted in state court and then procedurally defaulted in federal court. No COA was granted. And then Buck v. Davis. I'm sorry, so you're pointing to the 2005 MAR hearing in this case. Is the distinction then? Yes, and that's one distinction, yes, Your Honor. And another distinction that I think is very important is that in the Buck case from Texas, Texas confessed error in five or six cases where this individual testified, as he did in an earlier case called Saldana. And this was the only case where the state did not confess error in. So he confessed error in every other case, but did not confess error in this case. And I think that is much more of an extraordinary circumstance as required by Gonzalez for a 60B6 motion than what is presented by this case, Your Honor. And briefly on timeliness, this court in Moses held that 60B6 motion affirmed the holding of it being untimely and consistent with that and finding it was not an extraordinary circumstance. This court didn't even hold that Martinez and Trevino changing the procedural default rules was an extraordinary circumstance in that Moses opinion and in this case Hall would surely not rise to that level either. I will reserve the rest of my time for rebuttal. Thank you. Mr. Rose? May it please the court, my name is Ken Rose and along with Stanley Hammer, we represent Mr. Timothy Richardson, the appellee petitioner in this case. How did you explain to the district court why you should get another evidentiary hearing? Your Honor, the district court entered in his order that projected that he would plan to write an order granting an evidentiary hearing, but he didn't actually enter that order because of the appeal. You would like another evidentiary hearing, right? Yes, Your Honor. You're only entitled to one, right? To an evidentiary hearing? Right. We're entitled to an evidentiary hearing. And you got one in the state court, right? Your Honor, that wasn't, under Townsend versus Sands, that wasn't a fair hearing. And under Townsend, where the fact findings were not substantially supported by evidence in the record, an evidentiary hearing is mandatory in federal court where the petitioner meets the terms of the ADPA, in which the petitioner meets the terms of the ADPA, and the petitioner meets the terms of the ADPA. Does that make the district court a second one because the first one was inadequate? That's correct, Your Honor, because it did not... That doesn't really track the rationale, does it? Your Honor, there's another reason why an evidentiary hearing is required in this case, and I'd like to get to that. The federal district court misconstrued state law in the first go-around. The federal district court said that there was a strict cutoff of 70 or below in order to prove intellectual disability. And this court said that was state law under North Carolina law. As it turns out, we found in the subsequent round of state court proceedings that was not state law. In fact, the state court said that it had complied with Hall v. Florida all along, that it never applied a strict cutoff of 70 or below, that it allowed for the downward adjustment of the IQ scores. And so the district court had been proceeding on a misconstruction of state law. But what difference does that make if the first MAR hearing in 2005 was, in fact, an evidentiary hearing, and the order reflects that the court made specific findings regarding Mr. Richardson's adaptive functioning. So it's pretty clear that in 2005 that the MAR court did pretty detailed in talking about Dr. Hazelrig's testimony, Dr. Gorman, these different IQ tests. And the court specifically passed on adaptive functioning. So even if Judge Boyle misunderstood the law, doesn't it appear from this record that the defendant got what he was entitled to? No, Your Honor, because the state unreasonably applied the law to the facts in this case in the 2005 decision. How was that done then? What was unreasonable about the proceedings in June 2005? Your Honor, in that case, give me just a second, please. The state court found that the adaptive behavior standards were met relying on an unscientific test called the SSSQ, the State Street Survival Quotient. And the state's order makes an unreasonable determination that Timothy Richardson showed no significant deficits in adaptive behavior based on this questionnaire. The court found that the defender performed fairly well and within the average range as compared to the average population. The problem with that is this test was never normed on an average population, adult population. This test was not scientific. It was not a proper test to give. It analyzed only five of the ten areas of adaptive behavior. But it was the principal evidence that the state court relied on to find that Mr. Richardson met the adaptive behavior problem. So that's something the district court and this court never grappled with the first time around. This court just said, and the district court said, well, since state law has a strict cutoff of 70 or below, we don't have to reach you whether or not the way the state court applied the adaptive behavior deficit prong was reasonable. But as it turns out, the state court now informs us that it had all along applied the standard error of measurement. And all along. So you're agreeing that you had a substantive hearing on adaptive functioning, but you're saying that the court relied on some of the wrong evidence? Unreasonably relied on evidence that no reasonable court would have relied on. And even though that's not our standard, that's what happened. And I would like to cite... Dr. Hitzelrig, though, hasn't changed his opinion regarding adaptive functioning, has he? He's changed his opinion on many of the underlying basis for his conclusion. Right. But his conclusion is pretty much the same. It's exactly the same. But his conclusion is baseless. And that's why we want a hearing to show that. But even at the first hearing, there was no reasonable support for the fact finding by the superior court judge that the state had met its criteria for adaptive behavior. So when the state court in 2015 made specific findings, it said when Richardson filed his amended MAR in 2015, the state court clarified that it had already interpreted state law consistently with Hall. And in 2005, it had considered and applied the standard area of measurement to Richardson's scores. In other words, Hall makes no difference in the state court's mind because it had already done what Hall requires. And if it had done what Hall requires, then the federal district court misconstrued state law when it issued its opinion. At joint appendix, page 1235, paragraph 23, the state court said this court has already interpreted North Carolina's law consistently with Hall. At paragraphs 19 and 20, at joint appendix 1234, the superior court said Hall versus Florida has no effect on this court's prior determination that Richardson is not intellectually disabled. Well, if all that's true, the district court misconstrued the state court's initial opinion. As a result of this misinterpretation of state law, the district court... So that's one defect, the misinterpretation of state law. And that's similar to the defect and to the extraordinary circumstance that the Sixth Circuit considered in Thompson versus Bell, where according to the initial opinion, federal district court opinion, the state courts in Tennessee clarified that their rule did not require exhaustion in the state supreme court of Tennessee. And the Sixth Circuit in Thompson versus Bell said that refusing to recognize state law would disserve the common interest enshrined in ADPA, and would be a breach of state law. By ignoring the state court's view of its own law. A federal court's respect for another state's law was not an issue in Gonzales, in which the rule 60B motion was based solely on a change in federal decisional law, interpreting a federal statute. So we have a very similar defect as the one in Tennessee, and as a result, this is a proper, a true 60B statute. And not a successive petition. It's also an extraordinary circumstance. And there are other extraordinary circumstances justifying 60B-6. Another one is that the opposing party in this case told the district court initially, told this court, that North Carolina law had a strict cutoff of seven-year blow. And this court and the district court relied on that representation. But when it got back in the success of litigation, the state changed its position. After Hall versus Florida, and said, well, we've never had a strict cutoff of seven-year blow. And then wrote the proposed order, and the superior court judge signed the proposed order, and it said that. We didn't have a strict cutoff of seven-year blow, and we did not apply a strict cutoff of seven-year blow, and we considered the standard error measure. Well, that changed all this litigation. And that happened in June of 2015. So that was a key time when we were then on notice that the district court had misconstrued state law. So then, as a result of that, when you consider those circumstances, the failure to grant an evidentiary hearing is yet another extraordinary circumstance. This is a death penalty case like Buck, and where the court said finality yields to justice where a defendant's life is at stake. If we should determine that this isn't immediately appealable, and therefore we lack jurisdiction, what do you think we should do with your pending motion to authorize a successive habeas filing? I don't think you have to reach a pending motion. We don't just generally leave motions out there. Your Honor, I think it moots it. I'm sorry. I think that if you grant our motion to dismiss and remand to the district court, I think that that moots the motion to file a successive petition. So we should deny it as moot? Is that what you're saying? Yes, Your Honor. On the other hand, if you deny the 60B6 motion, I think you have to reach a successive petition. With regard to your motion, where is the prejudice to you with the way this appeal has come before us? The prejudice to our client is that his life is at stake and he is executed. Procedurally, what prejudice has resulted to you or your client as a result of the way the 60B6 motion has come before us? Your Honor, had the state been clear all along that the state courts did not apply a strict cutoff, I believe we would have won initially in this case. And that the district court and this court would have found that the state court had unreasonably applied the law to the facts. My question is really different. There should have been a certification. There should have been permission granted by us. None of that was done technically in compliance with the rule. But they argue, well, substantively, we have accommodated the rule because we did this and that. My question is, because they didn't use the right procedure, arguably, what prejudice has resulted to you? To begin with, the rules allow the opposing party to respond to an application. We didn't have an opportunity to respond. We're into this litigation on appeal. Months and months later, and had the state done the proper procedure, it's our view that this court would have dismissed the appeal long ago. So we didn't have an opportunity to respond initially. We did file a motion. But it was several months later we filed a motion to dismiss because of lack of jurisdiction. But, you know, the state has not complied with any of the requirements. If we dismiss the appeal, could the state then comply? In other words, could the district court reenter judgment, restart the 10-day clock? No, Your Honor. Under your case law in Safety Clean v. Weiss, the state has to show excusable neglect. And the only excuse that I think Mr. Babb said that he didn't understand the law, he didn't realize he had to file it. So that under Safety Clean is not enough. So no, the district court can't recertify this case for an interlocutory appeal. This would go forward into a final judgment, as it should. But there's no part of this, I think Judge Maci said, that there is no certification in this case by the district court either. Because there's a specific requirement for certification. The district court did not cite the statute. The district court did not make findings, for example, that this involves a controlling question of law, as to which there is substantial ground for difference of opinion. Did not say that an immediate appeal from the order may materially advance the ultimate termination of the litigation. And the state never asked them to, which it could have done. So for all those reasons, and of course the notice of appeal does not request permission for appeal. The notice of appeal does not cite the statute. Why didn't you seek authorization to file a successive 2254 petition, rather than filing the 60B motion? Your Honor, we believe strongly we're entitled to the 60B6 relief. You what? That is the appropriate relief that we're entitled. And it's the most direct way of getting back in front of the district court judge on an issue that is, we feel, constitutionally required to grant relief in this case. So yes, a successive petition would have been, we feel we meet the conditions of the successive petition. But we also feel we meet the conditions for rule 60B6. So that was a choice we made, and we feel that was the right choice. And we're in front of this court on both of those issues. But the 60B6 is what we're arguing here today. I'm looking at page 1616, which was part of Judge Ball's order. And I found it a little bit confusing, and I wonder if you would help me with it. What issue do you believe Judge Ball thought we had to decide in this case on an appeal? The question of whether or not the fact that there's, he didn't grant an evidentiary hearing, and he did not consider adaptive behavior deficits. He didn't reach the entirety of the issue of an intellectual disability in his original order in denying the relief on the intellectual disability claim. But then he says, but you didn't plead that in your rule 60B motion. So I can't tell if he's asking us to decide if it's appropriate to consider that issue, or if he's asking us whether or not his ruling on that on the merits would be appropriate. I just don't think it's clear, Your Honor. And I think that's one of the defects of why this doesn't meet the statutory requirements. He hasn't identified a specific issue that's subject to an interlocutory appeal in this case. He's certainly not saying that granting the evidentiary hearing is what's subject to an interlocutory appeal, because he says, I'm going to write out an order later specifying my ruling. I have my reasons for granting an evidentiary hearing. So although he projects he's going to grant an evidentiary hearing, he never says why. He says, I will say later. Well, he says that due to this Court's failure to conduct an evidentiary hearing, the undersigned finds that a defect exists in the integrity of the federal habeas petition, whatever that means. So he does give a reason why. He just then goes on to say, but you didn't plead this. Your pleading relates to the merits of the state court decision. So I can't tell whether or not he's, when he sends it to us, and he clearly appears to want to send it to us, what exact question it is he wants us to answer. Yeah, I can't answer that, Your Honor. Which, of course, is the purpose of a certification. Yes. Which would require the district court to articulate what exactly it is that he needs a ruling from us on. Yes, Your Honor. Okay. Thank you. So when this court looks at whether the 60B6 motion was filed within a reasonable time, we contend that the key date is not Hall v. Florida. The key date is when the state court entered its order denying relief on the amended MAR in 2015 in June. Because that was the first time we were on notice that the district court had misconstrued federal district court, had misconstrued state court law. And at that point we then exhausted our state court remedies, and we filed the district court motion for relief from judgment within three weeks of the state Supreme Court denying certiorari. If there are no further questions, thank you, Your Honor. Briefly, Judge Motz, your question, and Judge Drexler's question earlier, I know Judge Motz was your question, I did go over the evidentiary hearing in the argument to Judge Bull on the 60B motion here regarding the 2005 evidentiary hearing. First, in response to Richardson's argument, the state did argue that there was a, the state being, the attorneys for the state argued there was a strict cutoff of 70. But there was never an opinion from the North Carolina Supreme Court that interpreted the statute the way the Florida Supreme Court did in Hall. Hall is not at issue here, but it is the underlying claim, and why it's coming down is argued to be extraordinary. In Hall, the U.S. Supreme Court held that requiring a bright line of 70 or less before allowing further exploration of intellectual disability, created too rigid a rule that created a risk of executing an intellectually disabled defendant. The Supreme Court reversed the Florida Supreme Court, remanded for further proceedings, and said Hall may or may not be intellectually disabled, but the law requires that he have the opportunity to present evidence of his intellectual disability, including deficits and adaptive functioning. In this case, there was evidence of standard error of measurement in Flint Effect. The state court order in 2005 did not address those directly, and the state did argue there was a strict cutoff. But at that evidentiary hearing, the assistant district attorney moved that Richardson not be allowed to put on evidence of adaptive functioning, because he didn't meet the IQ requirement. That was the argument the state made, and the Superior Court judge denied that and allowed Richardson to put on any evidence he wished, without restriction. So this isn't like the case of Winston v. Kelly, where there was a foregoing of an opportunity to develop a more complete record. The evidentiary hearing was open to any evidence that the defendant wished to present. And in that order, Judge Sumner did not find merely that he had not met the intelligence and intellectual functioning aspect, the IQ score. He also found that the defendant had not shown significantly sub-average adaptive functioning. So neither part of the two-part test was met. The success of Habeas Petition versus Rule 60B, the fact that the defendant had not met the IQ score, the fact that Richardson argues the 2015 state court findings in support of a 60B motion for a 2011 order, and that the 60B6 ruling could render the successive Habeas move, illustrates that this is a Habeas Petition in 60B clothing. Can I ask you the same question I asked your colleague, and that is, if we should find that this appeal is a Habeas Petition, not final, and that we have no jurisdiction, what do we do with the pending motion to file a successive Habeas Petition? I think you answer it on the merits. Your rule upon it would be my request, and I would request that you find it barred under the statute. Because a successive Habeas Petition is supposed to be separate and distinct from a 60B. But I just want to be sure you understand the premise of my question. The premise is not that we're finding this is a proper 60B motion, but what we're doing is finding, this is the hypothetical, that you have no right to appeal right now. So we haven't made the finding that it's a proper 60B motion. So what do we do with the motion to file a successive Habeas Petition? So you're saying that he got a, he was allowed to present evidence of adaptive functioning in the MAR hearing, and so that should bar any consideration, isn't that correct? At this point, but his argument's a little different. And I guess I'm piggybacking on what Judge Motz is saying, because his argument's different. He's saying it doesn't matter if I was able to present evidence of adaptive functioning if the court applied the wrong legal standard. So what do we do with that argument in the context of what we have in front of us? Or can we do anything? Well, I'll do my best to answer. I'm sorry, I'm out of time. May I answer that question? Yes. Your Honor, regardless of the state of, or the state's appeal of this 60B order, a successive Habeas, a petition for a successive Habeas application should be considered as a separate and distinct matter when asked that you deny it. Because it's barred by the statute, the issue's already been decided. The hearing where the defendant was allowed to present all evidence that he wished shows that there is no evidentiary hearing that's allowed either back in 2011 by the district court or currently by the district court on this issue, as the defendant had a full opportunity to develop the record however he wished in state court. That's not his argument. He's saying the court misapplied the law. It was an unreasonable application of the law. But this court in conducting the De Novo review held that it was a reasonable application of the law and Hall v. Florida is not retroactive. And the error in Hall did not occur here in that the defendant was able to present evidence unlike in Hall. Thank you very much. We will come down and greet the lawyers. Mr. Rose, I understand that you're court appointed. We very much appreciate your efforts for your client.
judges: Diana Gribbon Motz, William B. Traxler Jr., Barbara Milano Keenan